|  |  |
|---|---|
| UNITED STATES DISTRICT COURT<br>WESTERN DISTRICT OF WASHINGTON<br>AT SEATTLE | |
| TALKING RAIN BEVERAGE COMPANY, INC.,<br><br>Plaintiff,<br><br>v.<br><br>DS SERVICES OF AMERICA, INC.,<br><br>Defendant. | No. _____<br><br>COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, AND UNFAIR COMPETITION<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Talking Rain Beverage Company, Inc. ("Talking Rain"), for its Complaint against Defendant DS Services of America, Inc. ("DS"), alleges as follows on personal knowledge as to the facts concerning itself and on information and belief as to all other facts.

**Introduction**

1. This is an action for trademark infringement, false designation of origin, and unfair competition arising out of the recent launch by DS of a new flavored carbonated water product called SPARKLETTS ICE. That product is a blatant and deceptive knock-off of Talking Rain's pioneering flavored carbonated water product, SPARKLING ICE. Most obviously, DS has mimicked Talking Rain's federally registered, incontestable trademarks SPARKLING ICE and ICE. The name SPARKLETTS ICE completely subsumes the mark ICE and is virtually indistinguishable from the mark SPARKLING ICE when rendered either visually or aurally.

COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, AND UNFAIR COMPETITION (No. _____) – 1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

The likelihood of confusion from the similarity of the names is compounded by the other features of SPARKLING ICE that DS has copied with its product, which are sufficient to cause consumer confusion even apart from the similarity of the product names.  The labeling of SPARKLETTS ICE imitates Talking Rain trademarks consisting of images of fruit, and SPARKLETTS ICE also copies key elements of the distinctive SPARKLING ICE trade dress involving the bottle and label.  In addition, the SPARKLETTS ICE product itself is an obvious imitation of SPARKLING ICE, copying the flavors and colors of SPARKLING ICE as well as the product ingredients, right down to the percentage of fruit juice and the suite of vitamins added.  A simple side-by-side depiction of the products shows their confusing similarity and the grave risk of consumer deception:



COMPLAINT FOR TRADEMARK INFRINGEMENT,
FALSE DESIGNATION OF ORIGIN, AND UNFAIR
COMPETITION (No. _____) – 2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

2. DS's conduct violates federal and Washington law. DS's naming and presentation of its product have caused actual confusion in the marketplace, and a survey shows that more than half of consumers exposed to both SPARKLING ICE and SPARKLETTS ICE believe the latter product is the same as, or is connected with, SPARKLING ICE. Unless enjoined, DS's misleading actions will continue to create consumer confusion, adversely affect Talking Rain's sales, and harm the goodwill that Talking Rain has spent years cultivating for its SPARKLING ICE brand.

**Parties**

3. Talking Rain is a Washington corporation with its principal place of business in Preston, Washington.

4. DS is a Delaware corporation with its principal place of business in Atlanta, Georgia. DS is a wholly-owned subsidiary of Cott Corporation, a large multi-national producer of beverages.

**Jurisdiction and Venue**

5. This Court has jurisdiction as to the subject matter of this action under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a), (b), and 1367(a). This Court also has jurisdiction as to the subject matter of this action under 15 U.S.C. § 1332(a) because the suit is between citizens of different States and the amount in controversy exceeds $75,000, excluding interest and costs.

6. This Court has personal jurisdiction over DS under RCW § 4.28.080(10) because DS carries on substantial and continuous business activities in Washington. DS is registered to do business in Washington, has production and distribution facilities in this State, and regularly sells products in this State under various brand names.

7. Venue is proper in this District under 28 U.S.C. § 1391(b) because DS is subject to the Court's personal jurisdiction in Washington and would be subject to personal jurisdiction in this District if this District were a State.

COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, AND UNFAIR COMPETITION (No. _____) – 3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

**Talking Rain and Its SPARKLING ICE Brand**

8. In an industry dominated by international behemoths like Nestlé, PepsiCo, the Coca Cola Company, and Cott Corporation, Talking Rain is a rarity—a successful independent, privately-owned producer and distributor of carbonated water and naturally flavored water products. Over the past twenty-eight years, Talking Rain has grown from its Pacific Northwest roots to gain a national market for its products. The most significant element of that growth has been the company's SPARKLING ICE brand of naturally flavored, zero-calorie carbonated water.

9. Talking Rain introduced SPARKLING ICE in the early 1990s. Since then the SPARKLING ICE brand has grown to include twenty flavor varieties, including Orange Mango, Black Raspberry, and Pink Grapefruit. SPARKLING ICE is sold in single-serve 17-ounce bottles, 8-ounce cans, and multi-packs of bottles and cans. Talking Rain sells SPARKLING ICE in approximately 100,000 retail outlets throughout the United States, including supermarkets, mass retail stores, wholesale clubs, drug stores, and convenience stores. It is also available for home delivery through Peapod and Amazon and for office delivery through Costco Business.

10. SPARKLING ICE has enjoyed tremendous consumer acceptance. In the latter part of the last decade, Talking Rain introduced the SPARKLING ICE bottle trade dress – the overall "look" of the product—that it has used continuously since that time. Talking Rain intentionally designed the new trade dress to be unlike any other packaging in the flavored water category at the time and to visually distinguish SPARKLING ICE from competitors on store shelves. At roughly the same time, the company also improved the flavorings used in the product. Since Talking Rain made those changes, measured retail sales of SPARKLING ICE have increased over one hundred-fold—a growth rate virtually unheard of in the beverage industry. Today it is the nation's number one brand of bottled carbonated water, both by market share and sales volume, ahead of such well-known brands as Perrier, Poland Spring, and Arrowhead.

COMPLAINT FOR TRADEMARK INFRINGEMENT,
FALSE DESIGNATION OF ORIGIN, AND UNFAIR
COMPETITION (No. _____) – 4

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

**The SPARKLING ICE Trademarks and Trade Dress**

11.     Talking Rain has continuously used and owned the trademark SPARKLING ICE since at least 1995.  Talking Rain owns United States Trademark Registration No. 1,944,414 for the mark SPARKLING ICE for "non-alcoholic soft drinks" in Class 32.  That registration is incontestable.

12.     Talking Rain has continuously used and owned the trademark ICE since at least 1993.  Talking Rain owns United States Trademark Registration No. 2,040,885 for the mark ICE for "carbonated and noncarbonated flavored and unflavored water" in Class 32.  That registration is incontestable.

13.     The SPARKLING ICE and ICE marks are inherently distinctive and have acquired secondary meaning such that the public has come to associate those marks exclusively with the unique source of the products bearing them, namely, Talking Rain.  Talking Rain's advertising, promotion, and marketing efforts have resulted in favorable public acceptance and recognition of the SPARKLING ICE and ICE trademarks.  As a result of Talking Rain's efforts, and the millions of dollars in sales of products bearing the trademarks, consumers have come to understand those trademarks as signifying a unique source for the SPARKLING ICE brand.

14.     The popularity and success of SPARKLING ICE rests in large part on the quality and wide variety of the fruit flavors that Talking Rain offers.  To symbolize those characteristics, Talking Rain uses and owns trademarks consisting of an image of a piece of fruit (corresponding to the particular flavor variant of the product) encased in an ice cube.  Those trademarks appear prominently on bottles and cans directly above the name SPARKLING ICE.  Talking Rain owns United States Trademark Registration No. 3,957,519 for the trademark consisting of an image of a sliced orange inside an ice cube for "soft drinks" in Class 32; No. 4,472,525 for the trademark consisting of an image of a sliced grapefruit inside an ice cube for "soft drinks" in Class 32; and No. 4,472,527 for the trademark consisting of an image of a berry inside an ice cube for "soft

COMPLAINT FOR TRADEMARK INFRINGEMENT,
FALSE DESIGNATION OF ORIGIN, AND UNFAIR
COMPETITION (No. _____) – 5

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1     drinks" in Class 32.  Those three registered marks collectively are referred to as the "Fruit

2     Marks."

3           15.      The success of SPARKLING ICE has also been based in large part on the

4     distinctive trade dress of its bottled product and the refreshing, modern image that it conveys.

5     The key elements of that trade dress are (i) a tall, thin 17-ounce clear plastic "candlepin" bottle

6     with a petaloid base; (ii) a transparent wrap-around label that extends nearly the entire length of

7     the bottle and leaves the colored contents of the bottle visible; (iii) the brand name of the product

8     and the name of the flavor written in white letters on the label; and (iv) an image of fruit

9     corresponding to the flavor variant (including the Fruit Marks) shown above the brand name.

10    These elements collectively are referred to as the "Trade Dress."

11          16.      Talking Rain has invested large sums of money to promote the SPARKLING ICE

12    and ICE trademarks, the Fruit Marks, and the Trade Dress so consumers will readily recognize

13    SPARKLING ICE on store shelves.  Advertising for SPARKLING ICE consistently features (i)

14    the SPARKLING ICE and ICE marks and the Fruit Marks, and (ii) the Trade Dress—not the

15    product being poured or already in a glass, but rather the packaging as a consumer would see it

16    on the shelf.

17                                                       **DS's Infringement**

18          17.      DS's SPARKLETTS ICE competes directly with Talking Rain's SPARKLING

19    ICE in the same specialized product category—naturally fruit-flavored, zero-calorie carbonated

20    water.  SPARKLETTS ICE is and (absent an injunction) will be sold in the same trade channels,

21    including some of the very same stores, as SPARKLING ICE.  Indeed, the products are sold

22    virtually side by side on some store shelves.

23          18.      With its SPARKLETTS ICE product, DS has deliberately imitated virtually every

24    feature of SPARKLING ICE.  The names of the products are essentially indistinguishable.  The

25    appearance of the SPARKLETTS ICE bottle and label copies distinctive features of the

26    SPARKLING ICE Trade Dress.  DS has even copied SPARKLING ICE's flavors and names:

COMPLAINT FOR TRADEMARK INFRINGEMENT,
FALSE DESIGNATION OF ORIGIN, AND UNFAIR
COMPETITION (No. _____) – 6

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

Orange Mango, Black Raspberry, and Pink Grapefruit.  DS has also copied the colors Talking Rain uses for those flavor variants.

19.     Given the striking similarity between the products' respective names and trade dresses, there is a high likelihood that consumers and others will mistakenly believe that DS's product is actually SPARKLING ICE or mistakenly believe that DS's product comes from, is sponsored or licensed by, or is associated or affiliated with, Talking Rain, the maker of SPARKLING ICE.

20.     The likelihood of confusion is exacerbated by the fact that flavored carbonated water is a low-cost item (generally less than $2.00 per bottle), meaning that consumers are unlikely to exercise substantial care in making a purchase.  In fact, single-serve bottles are frequently an impulse purchase, and stores often place them in high-visibility locations at the end of aisles or near checkout counters.

21.     Consumers have experienced actual confusion between SPARKLETTS ICE and SPARKLING ICE.  Talking Rain's survey research shows that more than half of consumers exposed to both SPARKLING ICE and SPARKLETTS ICE believe the latter product is the same as, or is connected with, SPARKLING ICE.

22.     DS is willfully infringing Talking Rain's SPARKLING ICE and ICE trademarks, the Fruit Marks, and the distinctive SPARKLING ICE Trade Dress.

**Injury to Talking Rain and the Public**

23.     In developing and marketing SPARKLETTS ICE, DS has intentionally adopted a product name, imagery, and trade dress that is likely to deceive consumers into thinking they are buying a product that is the same as SPARKLING ICE or that comes from or is affiliated with Talking Rain.  Deception of consumers is an injury to the public interest.

24.     If DS's infringement is not enjoined, Talking Rain will suffer irreparable damage to its hard-earned brand recognition in the flavored carbonated water category, in which it has only recently achieved success on a national scale.  As the latecomer, DS's product will unfairly

COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, AND UNFAIR COMPETITION (No. _____) – 7

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

gain recognition and sales at Talking Rain's expense by borrowing from the reputation, goodwill, and recognition that Talking Rain has built in its SPARKLING ICE trademarks and Trade Dress.

25. DS's unlawful conduct will also cause Talking Rain to lose sales and revenues as consumers are confused into purchasing SPARKLETTS ICE under the mistaken belief that they are buying SPARKLING ICE or another product produced by or affiliated with Talking Rain. DS's conduct will also damage Talking Rain as others in sales and distribution channels are confused into believing that SPARKLETTS ICE is SPARKLING ICE or is produced by or affiliated with Talking Rain.

26. In addition, Talking Rain will be irreparably injured by losing control of its brand's reputation. DS's unauthorized imitation of Talking Rain's trademarks and Trade Dress causes Talking Rain to be associated with a product over which it has no control. That involuntary association will injure Talking Rain if consumers are dissatisfied with DS's product for any reason and consequently have a less favorable opinion of SPARKLING ICE.

**COUNT I**
**Infringement of Federally Registered Trademark— SPARKLING ICE**
**(Lanham Act § 32, 15 U.S.C. § 1114)**

27. Talking Rain repeats and realleges each allegation of the foregoing paragraphs as if fully set forth herein.

28. DS uses in interstate commerce a counterfeit or colorable imitation of Talking Rain's registered SPARKLING ICE trademark in connection with DS's promotion and sale of its SPARKLETTS ICE flavored carbonated water products.

29. DS's unauthorized imitation of the SPARKLING ICE mark is likely to cause confusion and mistake among consumers and others as to the source, origin, or sponsorship of DS's SPARKLETTS ICE products.

30. DS's unauthorized imitation of the SPARKLING ICE mark in interstate commerce constitutes trademark infringement under Section 32 of the Lanham Act, 15 U.S.C.

COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, AND UNFAIR COMPETITION (No. _____) – 8

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

§ 1114, and use of a counterfeit mark under Section 35 of the Lanham Act, 15 U.S.C. § 1117(b), (c).

31. DS's unauthorized imitation of the SPARKLING ICE mark is a knowing, willful, and intentional violation of Talking Rain's rights.

32. DS's infringing use diminishes the value of Talking Rain's trademark, goodwill, and business reputation. Further, DS's acts of infringement, unless restrained, will cause great and irreparable injury to Talking Rain and to the recognition and goodwill represented by the SPARKLING ICE mark, in an amount that cannot be ascertained at this time, leaving Talking Rain with no adequate remedy at law.

33. By reason of the foregoing, Talking Rain is entitled to injunctive relief restraining DS from any further infringement of the SPARKLING ICE mark and is also entitled to recovery of DS's profits, actual damages, enhanced profits and damages (including trebling), costs, reasonable attorneys' fees, and interest under 15 U.S.C. §§ 1114, 1116, and 1117.

**COUNT II**
**Infringement of Federally Registered Trademark—ICE**
**(Lanham Act § 32, 15 U.S.C. § 1114)**

34. Talking Rain repeats and realleges each allegation of the foregoing paragraphs as if fully set forth herein.

35. DS uses in interstate commerce a counterfeit or colorable imitation of Talking Rain's registered ICE trademark in connection with DS's promotion and sale of its SPARKLETTS ICE flavored carbonated water products.

36. DS's unauthorized use of the ICE mark is likely to cause confusion and mistake among consumers and others as to the source, origin, or sponsorship of DS's SPARKLETTS ICE products.

37. DS's unauthorized use of the ICE mark in interstate commerce constitutes trademark infringement under Section 32 of the Lanham Act, 15 U.S.C. § 1114, and use of a counterfeit mark under Section 35 of the Lanham Act, 15 U.S.C. § 1117(b), (c).

COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, AND UNFAIR COMPETITION (No. _____) – 9

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

38.     DS's unauthorized use of the ICE mark is a knowing, willful, and intentional violation of Talking Rain's rights.

39.     DS's infringing use diminishes the value of Talking Rain's trademark, goodwill, and business reputation.  Further, DS's acts of infringement, unless restrained, will cause great and irreparable injury to Talking Rain and to the recognition and goodwill represented by the ICE mark, in an amount that cannot be ascertained at this time, leaving Talking Rain with no adequate remedy at law.

40.     By reason of the foregoing, Talking Rain is entitled to injunctive relief restraining DS from any further infringement of the ICE mark and is also entitled to recovery of DS's profits, actual damages, enhanced profits and damages (including trebling), costs, reasonable attorneys' fees, and interest under 15 U.S.C. §§ 1114, 1116, and 1117.

## COUNT III
### Infringement of Federally Registered Trademarks—Fruit Marks
### (Lanham Act § 32, 15 U.S.C. § 1114)

41.     Talking Rain repeats and realleges each allegation of the foregoing paragraphs as if fully set forth herein.

42.     DS uses in interstate commerce counterfeit or colorable imitations of Talking Rain's registered Fruit Marks in connection with DS's promotion and sale of its SPARKLETTS ICE flavored carbonated water products.

43.     DS's unauthorized imitation of the Fruit Marks is likely to cause confusion and mistake among consumers and others as to the source, origin, or sponsorship of DS's SPARKLETTS ICE products.

44.     DS's unauthorized imitation of the Fruit Marks in interstate commerce constitutes trademark infringement under Section 32 of the Lanham Act, 15 U.S.C. § 1114, and use of a counterfeit mark under Section 35 of the Lanham Act, 15 U.S.C. § 1117(b), (c).

45.     DS's unauthorized imitation of the Fruit Marks is a knowing, willful, and intentional violation of Talking Rain's rights.

COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, AND UNFAIR COMPETITION (No. _____) – 10

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

DS's infringing use diminishes the value of Talking Rain's trademarks, goodwill, and business reputation. Further, DS's acts of infringement, unless restrained, will cause great and irreparable injury to Talking Rain and to the recognition and goodwill represented by the Fruit Marks, in an amount that cannot be ascertained at this time, leaving Talking Rain with no adequate remedy at law.

47.     By reason of the foregoing, Talking Rain is entitled to injunctive relief restraining DS from any further infringement of the Fruit Marks and is also entitled to recovery of DS's profits, actual damages, enhanced profits and damages (including trebling), costs, reasonable attorneys' fees, and interest under 15 U.S.C. §§ 1114, 1116, and 1117.

## COUNT IV
### False Designation of Origin—SPARKLING ICE Mark
### (Lanham Act § 43(a), 15 U.S.C. § 1125(a))

48.     Talking Rain repeats and realleges each and every allegation in the foregoing paragraphs as if fully set forth herein.

49.     Talking Rain uses and owns the SPARKLING ICE mark in connection with its sale of SPARKLING ICE products. The trademark is inherently distinctive and has acquired secondary meaning as a designation of origin for Talking Rain.

50.     In connection with its promotion and sale of its SPARKLETTS ICE product, DS uses in interstate commerce the mark SPARKLETTS ICE, which is confusingly similar to Talking Rain's SPARKLING ICE mark. DS's promotion and sale of SPARKLETTS ICE is likely to cause confusion and mistake and to deceive consumers and others as to the origin, sponsorship, or affiliation of the parties' products. Consumers seeing DS's use of the mark SPARKLETTS ICE in the marketplace are likely to believe that DS's product is the same as SPARKLING ICE or is sponsored by, associated with, or otherwise affiliated with Talking Rain.

51.     DS's use of the SPARKLETTS ICE mark constitutes false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, AND UNFAIR COMPETITION (No. _____) – 11

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

52. DS's use of the SPARKLETTS ICE mark is a knowing, willful, and intentional violation of Talking Rain's rights.

53. DS's acts of false designation of origin, unless restrained, will cause great and irreparable harm to Talking Rain and to the goodwill represented by the SPARKLING ICE mark, in an amount that cannot be ascertained at this time, leaving Talking Rain with no adequate remedy at law.

54. By reason of the foregoing, Talking Rain is entitled to injunctive relief against DS, restraining it from any further acts of false designation of origin, and is also entitled to recovery of DS's profits, actual damages, enhanced profits and damages (including trebling), costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1116, 1117, and 1125.

**COUNT V**
**False Designation of Origin—ICE Mark**
**(Lanham Act § 43(a), 15 U.S.C. § 1125(a))**

55. Talking Rain repeats and realleges each and every allegation in the foregoing paragraphs as if fully set forth herein.

56. Talking Rain uses and owns the ICE mark in connection with its sale of SPARKLING ICE products. The trademark is inherently distinctive and has acquired secondary meaning as a designation of origin for Talking Rain.

57. In connection with its promotion and sale of its SPARKLETTS ICE product, DS uses in interstate commerce the mark ICE. DS's promotion and sale of SPARKLETTS ICE is likely to cause confusion and mistake and to deceive consumers and others as to the origin, sponsorship, or affiliation of the parties' products. Consumers seeing DS's use of ICE in the marketplace are likely to believe that SPARKLETTS ICE is the same as SPARKLING ICE or is sponsored by, associated with, or otherwise affiliated with Talking Rain.

58. DS's use of the ICE mark constitutes false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, AND UNFAIR COMPETITION (No. _____) – 12

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

1   59.     DS's use of the ICE mark is a knowing, willful, and intentional violation of
2   Talking Rain's rights.

3   60.     DS's acts of false designation of origin, unless restrained, will cause great and
4   irreparable harm to Talking Rain and to the goodwill represented by the ICE mark, in an amount
5   that cannot be ascertained at this time, leaving Talking Rain with no adequate remedy at law.

6   61.     By reason of the foregoing, Talking Rain is entitled to injunctive relief against
7   DS, restraining it from any further acts of false designation of origin, and is also entitled to
8   recovery of DS's profits, actual damages, enhanced profits and damages (including trebling),
9   costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1116, 1117, and 1125.

**COUNT VI**
**False Designation of Origin—Fruit Marks**
**(Lanham Act § 43(a), 15 U.S.C. § 1125(a))**

12  62.     Talking Rain repeats and realleges each and every allegation in the foregoing
13  paragraphs as if fully set forth herein.

14  63.     Talking Rain uses and owns the Fruit Marks in connection with its sale of
15  SPARKLING ICE products.  Those trademarks are inherently distinctive and have acquired
16  secondary meaning as designations of origin for Talking Rain.

17  64.     In connection with its promotion and sale of its SPARKLETTS ICE product, DS
18  uses in interstate commerce symbols that are confusingly similar to the Fruit Marks.  DS's
19  promotion and sale of SPARKLETTS ICE is likely to cause confusion and mistake and to
20  deceive consumers and others as to the origin, sponsorship, or affiliation of the parties' products.
21  Consumers seeing DS's fruit symbols in the marketplace are likely to believe that
22  SPARKLETTS ICE is the same as SPARKLING ICE or is sponsored by, associated with, or
23  otherwise affiliated with Talking Rain.

24  65.     DS's confusing imitation of the Fruit Marks constitutes false designation of origin
25  in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

26

COMPLAINT FOR TRADEMARK INFRINGEMENT,
FALSE DESIGNATION OF ORIGIN, AND UNFAIR
COMPETITION (No. _____) – 13

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

66. DS's confusing imitation of the Fruit Marks is a knowing, willful, and intentional violation of Talking Rain's rights.

67. DS's acts of false designation of origin, unless restrained, will cause great and irreparable harm to Talking Rain and to the goodwill represented by the Fruit Marks, in an amount that cannot be ascertained at this time, leaving Talking Rain with no adequate remedy at law.

68. By reason of the foregoing, Talking Rain is entitled to injunctive relief against DS, restraining it from any further acts of false designation of origin, and is also entitled to recovery of DS's profits, actual damages, enhanced profits and damages (including trebling), costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1116, 1117, and 1125.

## COUNT VII
### False Designation of Origin—Trade Dress
### (Lanham Act § 43(a), 15 U.S.C. § 1125(a))

69. Talking Rain repeats and realleges each and every allegation in the foregoing paragraphs as if fully set forth herein.

70. Talking Rain uses and owns the Trade Dress in connection with its sale of SPARKLING ICE products. That Trade Dress is non-functional, inherently distinctive, and has acquired secondary meaning as a designation of origin for Talking Rain.

71. In connection with its promotion and sale of its SPARKLETTS ICE product, DS uses in interstate commerce a trade dress that is confusingly similar to the SPARKLING ICE Trade Dress. DS's use of that trade dress is likely to cause confusion and mistake and to deceive consumers and others as to the origin, sponsorship, or affiliation of the parties' products. Consumers seeing DS's trade dress in the marketplace are likely to believe that SPARKLETTS ICE is the same as SPARKLING ICE or is sponsored by, associated with, or otherwise affiliated with Talking Rain.

72. DS's confusing imitation of the Trade Dress constitutes false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, AND UNFAIR COMPETITION (No. _____) – 14

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1        73. DS's confusing imitation of the Trade Dress is a knowing, willful, and intentional
2  violation of Talking Rain's rights.
3        74. DS's acts of false designation of origin, unless restrained, will cause great and
4  irreparable harm to Talking Rain and to the business goodwill represented by the Trade Dress, in
5  an amount that cannot be ascertained at this time, leaving Talking Rain with no adequate remedy
6  at law.
7        75. By reason of the foregoing, Talking Rain is entitled to injunctive relief against
8  DS, restraining it from any further acts of false designation of origin, and is also entitled to
9  recovery of DS's profits, actual damages, enhanced profits and damages (including trebling),
10 costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1116, 1117, and 1125.

## COUNT VIII
### State Law Unfair Competition
### (Washington Consumer Protection Act, RCW § 19.86.020)

13       76. Talking Rain repeats and realleges each and every allegation in the foregoing
14 paragraphs as if fully set forth herein.
15       77. DS is engaged in unfair and deceptive acts or practices by using or confusingly
16 imitating the SPARKLING ICE and ICE trademarks, the Fruit Marks, and the SPARKLING ICE
17 Trade Dress in connection with the promotion and sale of its SPARKLETTS ICE products in
18 commerce.
19       78. DS's unfair and deceptive acts or practices are likely to cause confusion or
20 mistake among Washington consumers and others as to the source or affiliation of these
21 consumer products, contrary to the public interest.
22       79. DS's unfair and deceptive acts, unless restrained, will cause great and irreparable
23 harm to Talking Rain, will cause Talking Rain to lose revenues and profits, and will diminish the
24 value of Talking Rain's trademarks, trade dress, goodwill, and business reputation.

COMPLAINT FOR TRADEMARK INFRINGEMENT,
FALSE DESIGNATION OF ORIGIN, AND UNFAIR
COMPETITION (No. _____) – 15

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

80. By reason of the foregoing, Talking Rain is entitled to injunctive relief, actual damages, enhanced damages (including trebling), costs, and reasonable attorneys' fees under RCW 19.86.090.

### COUNT IX
### Common Law Trademark Infringement and Unfair Competition

81. Talking Rain repeats and realleges each and every allegation in the foregoing paragraphs as if fully set forth herein.

82. DS's conduct constitutes trademark infringement and unfair competition in violation of the common law.

83. DS's use or confusing imitation of the SPARKLING ICE and ICE trademarks, the Fruit Marks, and the SPARKLING ICE Trade Dress in connection with the promotion and sale of its SPARKLETTS ICE product is a knowing, willful, and intentional violation of Talking Rain's common law rights, demonstrating bad faith intent to trade on the goodwill associated with Talking Rain's trademarks and trade dress.

84. DS's actions, if not restrained, will cause irreparable injury to Talking Rain. In addition, DS's actions will cause Talking Rain to lose income, profits, and goodwill while DS acquires income, profits, and goodwill. This infringement diminishes the value of Talking Rain's marks, goodwill, and business reputation.

85. By reason of the foregoing, Talking Rain is entitled to injunctive relief; damages including, but not limited to, DS's profits, actual damages suffered by Talking Rain, and punitive damages; and attorneys' fees, costs, and interest.

### PRAYER FOR RELIEF

WHEREFORE, Talking Rain prays for relief and judgment, as follows:

A. that DS and all those acting in concert or participation with it (including, but not limited to, its officers, directors, agents, servants, wholesalers, distributors, retailers, employees,

COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, AND UNFAIR COMPETITION (No. _____) – 16

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

1  representatives, attorneys, subsidiaries, related companies, successors, assigns, and contracting

2  parties) be preliminarily and permanently enjoined from:

3        i.    manufacturing, distributing, shipping, advertising, marketing, promoting,

4  selling, or offering for sale a product that is named SPARKLETTS ICE or that otherwise

5  bears a name that is confusingly similar to the Talking Rain trademarks SPARKLING

6  ICE or ICE;

7        ii.    manufacturing, distributing, shipping, advertising, marketing, promoting,

8  selling, or offering for sale a product that bears images that are confusingly similar to the

9  Talking Rain Fruit Marks;

10        iii.    manufacturing, distributing, shipping, advertising, marketing, promoting,

11  selling, or offering for sale a product in the current SPARKLETTS ICE trade dress or any

12  other trade dress that is confusingly similar to the SPARKLING ICE Trade Dress;

13        iv.    representing, by any means whatsoever, that any products manufactured,

distributed, advertised, offered, or sold by DS are Talking Rain's products or vice versa,

and from otherwise engaging in conduct likely to cause confusion, mistake, or deception

on the part of purchasers, consumers, or others as to the origin or sponsorship of such

products;

    B.    that DS and all those acting in concert or participation with it (including, but not limited to, its officers, directors, agents, servants, wholesalers, distributors, retailers, employees, representatives, attorneys, subsidiaries, related companies, successors, assigns, and contracting parties) take affirmative steps to dispel such false impressions that have been created by its use of the SPARKLING ICE trademarks and Trade Dress, including, but not limited to, recalling from any and all channels of distribution any and all infringing products and promotional materials;

    C.    that DS be required to account for and pay over to Talking Rain all gains and profits derived by DS from its unlawful conduct;

COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, AND UNFAIR COMPETITION (No. _____) – 17

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

1       D.      that DS be required to pay Talking Rain compensatory damages for the loss of goodwill and financial injury Talking Rain has suffered by reason of DS's unlawful activity;

      E.      that DS be required to pay Talking Rain three times the amount of such profits or damages pursuant to 15 U.S.C. § 1117 and RCW § 19.86.090;

      F.      that DS be required to pay Talking Rain's reasonable attorneys' fees and the costs of this action;

      G.      that DS be required to pay Talking Rain punitive damages to the extent permitted by law;

      H.      that DS deliver up for destruction all infringing products in its possession or control and all means of making the same in accordance with 15 U.S.C. § 1118;

      I.      that DS file with the Court and serve on counsel for Talking Rain within thirty days after entry of any injunction issued by the Court in this action, a sworn written statement pursuant to 15 U.S.C. § 1116(a) setting forth in detail the manner and form in which DS has complied with any injunction which the Court may enter in this action;

      J.      that Talking Rain have such other and further relief as the Court deems just and appropriate.

COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, AND UNFAIR COMPETITION (No. _____) – 18

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

**JURY TRIAL DEMAND**

Talking Rain respectfully demands a trial by jury on all claims and issues so triable.

DATED: November 17, 2015

By: s/ William Cheever Rava
William Cheever Rava, WSBA No. 29948
PERKINS COIE LLP
1201 Third Avenue
Suite 4900
Seattle, Washington 98101-3099
Telephone: (206) 359-8000
Facsimile: (206) 359-9000
WRava@perkinscoie.com

WILLIAMS & CONNOLLY LLP
Robert J. Shaughnessy *(pro hac vice* application forthcoming*)*
Joelle S. Perry *(pro hac vice* application forthcoming*)*
725 Twelfth Street N.W.
Washington, D.C. 20005
Telephone: (202) 434-5000
Facsimile: (202) 434-5029

*Counsel for Plaintiff Talking Rain Beverage Company*

COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, AND UNFAIR COMPETITION (No. _____) – 19

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000