UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

|  |  |
|---|---|
| TALKING RAIN BEVERAGE COMPANY, INC., | ) CASE NO. C15-1804 RSM )  ) |
| Plaintiff, | ) ORDER DENYING IN PART ) DEFENDANT'S MOTION FOR LEAVE |
| v. | ) TO AMEND ANSWER ) |
| DS SERVICES OF AMERICA, INC., | )  ) |
| Defendant. | ) |

This matter comes before the Court on Defendant's Motion for Leave to Amend its Answer, which seeks permission to add declaratory judgment and antitrust counterclaims against Plaintiff. Dkt. #58. Plaintiff opposes the motion arguing that Defendant has failed to show good cause to modify the current case schedule to allow the amendment, and that even if good cause had been shown, Defendant fails to meet the elements necessary for such an amendment. Dkt. #65. For the reasons set forth herein, the Court DENIES IN PART Defendant's motion.[1]

Plaintiff filed the instant matter on November 17, 2015, alleging various trademark infringement and other related claims. Dkt. #1. At the same time, Plaintiff filed a Motion for Preliminary Injunction, noting it for consideration on December 11, 2015. Dkt. #4. Apparently

---

[1] Plaintiff notes that it does not oppose Defendant's motion to the extent that it seeks to add two Declaratory Judgment claims. Dkt. #65 at 1. Thus, the Court will allow such amendment. The focus of this Order therefore pertains to Defendant's request to add monopolization counterclaims.

ORDER
PAGE - 1

after some discussion with Defendant and in recognition of the winter holidays, Plaintiff subsequently re-noted its motion for consideration on January 22, 2016. Dkts. #14 and #21 at ¶¶ 3-9. On February 12, 2016, the Court denied the motion for preliminary injunction. Dkt. #43. Although the Court found that Plaintiff had demonstrated a "strong likelihood of success" on the merits of its claims, the Court also determined that Plaintiff had produced no tangible evidence to support its assertion that it would suffer irreparable harm if an injunction did not issue. As a result, the preliminary injunction was denied. *Id.*

Since that time, the parties have been engaged in discovery and other pretrial matters. The discovery deadline is currently scheduled for April 28, 2017, and trial is scheduled for September 25, 2017. Dkt. #63.

When a party moves to amend the pleadings after the deadline to amend pleadings has passed, the party must first demonstrate "good cause" to amend the scheduling order pursuant to Federal Rule of Civil Procedure 16(b)(4) and then demonstrate that amendment is proper under Federal Rule of Civil Procedure 15. *Johnson v. Mammoth Recreations, Inc*., 975 F.2d 604, 608 (9th Cir. 1992). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking amendment. The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Johnson*, 975 F.2d at 609 (citing Fed. R. Civ. P. 16 Advisory Committee's Notes (1983 Amendment)).

If the good cause standard is met, the Court turns to the question of whether amendment is proper. Federal Rule of Civil Procedure 15 mandates that leave to amend "be freely given when justice so requires." Fed. R. Civ. P. 15(a). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc*., 316 F.3d 1048, 1051 (9th Cir. 2003) (quotation omitted). In determining whether to allow an amendment, a court considers whether

ORDER
PAGE - 2

there is "undue delay," "bad faith," "undue prejudice to the opposing party," or "futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962). "Not all of the [*Foman*] factors merit equal weight. . . . [I]t is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital*, 316 F.3d at 1052 (citation omitted). "The party opposing amendment bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Capital*, 316 F.3d at 1052.

In this case, due to an oversight by the Court, the Court never set a deadline for amending pleadings. *See* Dkts. #45, #53 and #62. As a result, Defendant is not required to seek a modification of the Court's Scheduling Order, and the "good cause" standard is not implicated. Accordingly, the Court turns to whether amendment is proper in light of the *Foman* factors.

Plaintiff primarily argues that Defendant has unduly delayed in bringing the instant motion and that to add the proposed monopolization claims now would prejudice them and delay the case as a whole. The Court agrees. This Court has defined 'undue delay' as a "delay that prejudices the nonmoving party or imposes unwarranted burdens on the court." *Mansfield v. Pfaff*, No. C14-0948JLR, 2014 U.S. Dist. LEXIS 105997, at *10 (W.D. Wash. Aug. 1, 2014). The test for "undue delay" requires consideration of (1) the length of the delay measured from the time the moving party obtained relevant facts; (2) whether discovery has closed; and (3) proximity to the trial date. *Wizards of the Coast LLC v. Cryptozoic Entm't LLC*, 309 F.R.D. 645, 652 (W.D. Wash. 2015). Having reviewed the record in this matter, the Court agrees with Plaintiff that Defendant unduly delayed in bringing its proposed counterclaims, and that it

ORDER
PAGE - 3

could have done so in early 2016.  *See* Dkt. #65 at 5-7.  Moreover, the deadline for expert witness reports has now passed, discovery is set to close in less than one month, and trial is now just six months away.

"Prejudice" exists where an amendment creates "undue difficulty in prosecuting a lawsuit as a result of a change of tactics or theories on the part of the other party." *Mansfield*, 2014 U.S. Dist. LEXIS 105997, at *11-12; *see also Deakyne v. Cmmsrs. of Lewes*, 416 F.2d 290, 300 (3d Cir. 1969); *Amersham Pharacia Biotech, Inc. v. Perkin-Elmer Corp.*, 190 F.R.D. 644, 648 (N.D. Cal. 2000).  The nonmoving party has the burden to show "that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the . . . amendments been timely." *Mansfield*, 2014 U.S. Dist. LEXIS 105997, at *11-12 (citing *Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989)).  "As a corollary, delay alone is not sufficient to establish prejudice, nor is a need for additional discovery." *Id.*  For the reasons set forth by Plaintiff, the Court agrees that adding monopolization counterclaims now would cause prejudice.  *See* Dkt. #65 at 8-12.  The Court agrees that awareness of an affirmative defense for antitrust violations, which are narrower in scope than the counterclaims that Defendant now proposes. *Id.*  Plaintiff has also identified many areas of discovery that would be required to defend the proposed counterclaims, which the Court agrees could not be adequately addressed within the limited time remaining for discovery in this case.  Dkt. #65 at 11-12.

Accordingly, this Court hereby finds and ORDERS:

1. Defendant's Motion to Amend (Dkt. #58) is GRANTED IN PART AND DENIED IN PART.  To the extent that Defendant seeks to add two Declaratory Judgment claims (proposed Counterclaims III and IV), the motion is GRANTED.  To the

ORDER
PAGE - 4

extent that Defendant seeks to add two monopolization claims (proposed counterclaims I and II) the motion is DENIED.

2. Defendant shall file its Amended Answer and Counterclaims no later than **three (3) business days from the date of this Order**.  The Amended Answer and Counterclaims shall not include facts alleged only in support of the proposed monopolization counterclaims, and shall not include the monopolization counterclaims themselves.

DATED this 31st day of March, 2017.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER
PAGE - 5