UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TALKING RAIN BEVERAGE COMPANY, INC., <br><br> Plaintiff, <br><br> v. <br><br> DS SERVICES OF AMERICA, INC., <br><br> Defendant. | Case No. C15-1804RSM <br><br> ORDER DENYING PLAINTIFF'S UNOPPOSED MOTION TO FILE UNDER SEAL |

## I. INTRODUCTION

This matter comes before the Court on Plaintiff's Unopposed Motion to File Documents Under Seal. Dkt. #95. Plaintiff seeks to file under seal an unredacted version of its Motion for Partial Summary Judgment, along with certain exhibits attached to the Declaration of Robert J. Shaughnessy filed in support of that motion, and paragraph 6 and Exhibit A to the Declaration of Christopher Hall also filed in support of that motion. *Id.* Plaintiff makes this motion in compliance with the Protective Order entered previously in this matter, as Defendant has marked certain documents and information as confidential or attorney's eyes only; however, Plaintiff does not necessarily agree that the evidence in question satisfies the requirements for filing under seal. *Id.* The Court has reviewed the information and exhibits sought to be filed under seal. For the reasons discussed herein, the Court DENIES Plaintiff's motion.

ORDER - 1

## II. DISCUSSION

"There is a strong presumption of public access to the court's files." Local Rule CR 5(g)(2). For nondispositive motions, "this presumption may be overcome by a showing of good cause." *Id*. For dispositive motions, parties must make a "compelling showing" that the public's right of access is outweighed by the parties' interest in protecting the documents. *Id*. "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (internal citations omitted). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.* (citing *Foltz v. State Farm Mut. Auto. Ins. Co.,* 331 F.3d 1122, 1136 (9th Cir. 2003)). Further, the Court will not grant broad authority to file documents under seal simply because the parties have designated them as confidential in the course of discovery. *Kamakana,* 447 F. 3d at 1183. "If possible, a party should protect sensitive information by redacting documents rather than seeking to file them under seal." CR 5(g)(3). Thus, "the motion or stipulation to seal should include an explanation of why redaction is not feasible." *Id.*

As an initial matter, the Court has compared Plaintiff's proposed redacted Motion for Partial Summary Judgment to the unredacted version presently filed under seal. *See* Dkts. #96 and #97. The Court is not convinced that any part of the motion should be redacted. Plaintiff proposes redacting certain marketing information from 2015-2016. However, it is

ORDER - 2

not immediately clear to the Court why this information should be sealed. Accordingly, Defendant must explain the reasons this information must be sealed, what authority provides a basis to protect such information, and why the information contained therein is not already so stale as to no longer be proprietary and/or harmful.

With respect to **paragraph 6 and Exhibit A to the Declaration of Christopher Hall** (Dkt. #99), the Court requires further information from Defendant before it can reach any conclusion as to whether that information should be sealed. The information appears to be statistical in nature and cross-references the markets in which both parties' brands are sold. Defendant must explain the reasons this information must be sealed, what authority provides a basis to protect such information, and why the information contained therein is not already so stale as to no longer be proprietary and/or harmful.

Likewise, the Court requires further information with respect to **Exhibits 1-7, 16-19 and 41-42 to the Declaration of Robert J. Shaughnessy** (Dkt. #101) before it can reach any conclusion as to whether those exhibits should be sealed. Specifically, with respect to **Exhibits 1-7**, which contain lengthy excerpts of deposition transcripts, Defendant must explain the reasons why these exhibits must be sealed, why they cannot be redacted, what information and/or documents is required to be protected, and what authority provides a basis to protect such information and/or documents.

Further, with respect to **Exhibits 16-19 and 42**, which contain various marketing documents, Defendant must explain the reasons these exhibits must be sealed, why they cannot be redacted, what authority provides a basis to protect such information and/or documents, and why the information contained therein is not already so stale as to no longer

ORDER - 3

be proprietary and/or harmful.

Finally, the Court is particularly concerned about the alleged confidentiality of **Exhibit 41**. That exhibit contains the Expert Report of Dr. Bruce Isaacson In Response to the Report of Philip Johnson. That report is not marked confidential in any manner. Thus, Defendant must explain the reasons this report must be sealed, why it cannot be redacted, what authority provides a basis to protect such information and/or document, and why the information contained therein is not already so stale as to no longer be proprietary and/or harmful.

### III. CONCLUSION

Having considered Defendant's unopposed motion, along with the Exhibits and the remainder of the record, and being fully advised, the Court hereby finds and ORDERS:

1. Plaintiff's Unopposed Motion to File Documents Under Seal (Dkt. #95) is DENIED as discussed above.

2. <u>No later than ten (10) days from the date of this Order</u>, **Defendant** shall file a supplemental motion to seal Plaintiff's proposed redacted Motion for Partial Summary Judgment, paragraph 6 and Exhibit A to the Declaration of Christopher Hall, and Exhibits 1-7, 16-19 and 41-42 to the Declaration of Robert J. Shaughnessy, explaining why such documents and information should be sealed as detailed above. **The supplemental motion shall be noted for consideration the same day it is filed, and shall be limited to no longer than twelve (12) pages in length. No response shall be filed.** The documents filed under seal by Plaintiff

shall remain under seal until the Court considers the supplemental motion and makes a final decision as to whether the documents should be sealed.

3. The parties' pending motions for summary judgment (Dkts. #96 and #106) shall remain pending and noted as filed.

DATED this 29th day of June 2017.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE