UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

TALKING RAIN BEVERAGE COMPANY, INC.,

Plaintiff,

v.

DS SERVICES OF AMERICA, INC.,

Defendant.

Case No. C15-1804RSM

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S UNOPPOSED MOTION TO FILE UNDER SEAL

## I. INTRODUCTION

This matter comes before the Court on Defendant's Unopposed Motion to File Documents Under Seal. Dkt. #105. Defendant seeks to file under seal an unredacted version of its Motion for Partial Summary Judgment, along with certain exhibits attached to the Declaration of Douglas Grady filed in support of that motion. *Id.* Defendant makes this motion in compliance with the Protective Order entered previously in this matter, as Plaintiff has marked certain documents and information as confidential or attorney's eyes only; however, Defendant takes no position itself as to whether the evidence in question satisfies the requirements for filing under seal. *Id.* The Court has reviewed the information and exhibits sought to be filed under seal. For the reasons discussed herein, the Court GRANTS IN PART AND DENIES IN PART Defendant's motion.

ORDER - 1

## II. DISCUSSION

"There is a strong presumption of public access to the court's files." Local Rule CR 5(g)(2). For nondispositive motions, "this presumption may be overcome by a showing of good cause." *Id*. For dispositive motions, parties must make a "compelling showing" that the public's right of access is outweighed by the parties' interest in protecting the documents. *Id*. "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (internal citations omitted). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.* (citing *Foltz v. State Farm Mut. Auto. Ins. Co.,* 331 F.3d 1122, 1136 (9th Cir. 2003)). Further, the Court will not grant broad authority to file documents under seal simply because the parties have designated them as confidential in the course of discovery. *Kamakana,* 447 F.3d at 1183. "If possible, a party should protect sensitive information by redacting documents rather than seeking to file them under seal." CR 5(g)(3). Thus, "the motion or stipulation to seal should include an explanation of why redaction is not feasible." *Id.*

With respect to **Exhibit E to the Declaration of Douglas Grady** (Dkt. #109, Ex. E), the Court finds a "compelling reason" to outweigh the presumption in favor of public access to court records as that exhibit contains proprietary information that is not easily redacted, and which could be harmful to Plaintiff's business if made public.

ORDER - 2

However, the Court requires further information with respect to **Exhibits A, B, D, F, H, I, J, L, M, N and R** before it can reach any such conclusions. Specifically, with respect to **Exhibits A, D, F, L and N**, which contain lengthy excerpts of deposition transcripts, Plaintiff must explain the reasons why these exhibits must be sealed, why they cannot be redacted, what information and/or documents is required to be protected, and what authority provides a basis to protect such information and/or documents.

Likewise, with respect to **Exhibits B, H, J, M and R**, which primarily contain memos and email correspondence, Plaintiff must explain the reasons these exhibits must be sealed, why they cannot be redacted, what authority provides a basis to protect such information and/or documents, and why the information contained therein is not already so stale as to no longer be proprietary and/or harmful. The Court notes that Exhibit B is a memo from 2002, Exhibit H contains communication from 2012, Exhibit M contains communication from 2013, and Exhibits J and R contain communication from 2014.

Finally, the Court is particularly concerned about the alleged confidentiality of **Exhibit I**. That exhibit appears to contain a Complaint that was publically filed in 2010 in the Snohomish County Superior Court, an Answer to the Complaint (that is not stamped "filed"), and a Declaration and Exhibits supporting the Answer (that are also not stamped "filed"). If all of these documents were filed with the Superior Court, they are already public records. Thus, the Court is skeptical that there can be any basis for sealing Exhibit I; however, the Court will allow Plaintiff to provide its argument for sealing.

Further, the Court has compared Defendant's proposed redacted Motion for Partial Summary Judgment to the unredacted version presently filed under seal. *See* Dkts. #106 and

ORDER - 3

#107. The Court is not convinced that any part of the motion should be redacted. Defendant proposes redacting several captions in the Table of Contents along with certain information related to a 2009 marketing/business decision and a 2010 lawsuit. As with Exhibit I, discussed above, Plaintiff must explain the reasons this information must be sealed, what authority provides a basis to protect such information, and why the information contained therein is not already so stale as to no longer be proprietary and/or harmful. Similarly, Defendant also proposes redacting certain information about Plaintiff's trade dress and the origin of its fruit marks. Again, Plaintiff must explain the reasons this information must be sealed, and what authority provides a basis to protect such information.

### III. CONCLUSION

Having considered Defendant's unopposed motion, along with the Exhibits and the remainder of the record, and being fully advised, the Court hereby finds and ORDERS:

1. Defendant's Unopposed Motion to File Documents Under Seal (Dkt. #105) is GRANTED IN PART AND DENIED IN PART as discussed above.

2. Exhibit E to the Declaration of Douglas A. Grady (Dkt. #109, Ex. E) <u>shall remain under seal</u>.

3. <u>No later than ten (10) days from the date of this Order</u>, **Plaintiff** shall file a supplemental motion to seal Exhibits A, B, D, F, H, I, J, L, M, N and R to the Declaration of Douglas A. Grady and Defendant's proposed redacted Motion for Partial Summary Judgment, explaining why such documents and information should be sealed as detailed above. **The supplemental motion shall be noted for consideration the same day it is filed, and shall be limited to no longer than**

**twelve (12) pages in length. No response shall be filed.** The documents filed under seal by Defendant <u>shall remain under seal</u> until the Court considers the supplemental motion and makes a final decision as to whether the documents should be sealed.

4. The Court will address Plaintiff's pending Unopposed Motion to Seal (Dkt. #95) in a separate Order.

5. The parties' pending motions for summary judgment (Dkts. #96 and #106) shall remain pending and noted as filed.

DATED this 29th day of June 2017.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE